■ IRVING ROGOFF, Respondent-Appellant, v. ABRAHAM SCHEINBERG et al., Appellants-Respondents. AMERICAN JEWISH LITERARY FOUNDATION, INC., Third-Party Plaintiff, v. JEWISH MINISTERS CANTORS ASSOCIATION OF AMERICA, Third-Party Defendant.— Order entered June 19, 1964, denying defendants' motion and plaintiff's cross motion for summary judgment and for other relief, unanimously modified, on the law, and the cross motion of plaintiff granted to the extent of directing an accounting, and, as so modified, affirmed, with $30 costs and disbursements to plaintiff-respondent-appellant. The denials and defenses interposed are unsupported factually; the opposing affidavits are replete with bare conclusory statements. The agreement of November 18, 1964 requires the parties to account for proceeds received prior to the agree-

ment. All other receipts are deemed to be trust funds and are required to be deposited promptly; withdrawals are subject to the joint signatures of plaintiff and defendant Abraham Scheinberg, president of the corporate defendant. Although defendant Vicky Marlo was not a signatory to the agreement, she received from plaintiff and signed receipts for tickets of the face value of $36,490, and she admits receiving commissions on the sale of those tickets. Sufficient appears to require her to account to the plaintiff for the disposition of the tickets. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.